UNITED STATES *v.* TESTING MACHINES, INC.

**No. 5981.**—Invoice dated Montreal, P. Q., Canada, January 11, 1943.
Entered at New York, N. Y., January 26, 1943.
Entry No. 717569.

(Decided February 10, 1944)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Julius G. Paider, Jr.*, special attorneys), for the plaintiff.
*John D. Rode* for the defendant.

LAWRENCE, Judge: The collector of customs has appealed for a reappraisement of merchandise invoiced as "1 Canadian Standard Freeness Tester complete with all accessories." It was appraised as entered at $145 United States currency plus 8 per centum sales tax. It does not appear of record what statutory value formed the basis of the appraisement. Regardless of that circumstance, however, it is my duty to determine the value of the merchandise whether or not the appraisement was defective or erroneous. *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126.

The Government contends that there was a foreign value for the merchandise in controversy. At the trial the case was submitted upon two reports of the acting United States Treasury attaché at Montreal, Canada. These reports were received in evidence as

exhibits 1 and 2 and are dated March 29 and July 20, 1943, respectively.

At the close of the Government's case, defendant moved for an order dismissing the appeal, which motion was taken under advisement. The motion is denied and an exception allowed to defendant.

At the outset it may be pointed out that exhibit 1 shows defendant to be the sole representative in the United States of the manufacturer and exporter, Robert Mitchell Co., Ltd., of Montreal, Canada. Obviously the merchandise was not freely offered for sale to all purchasers for export to the United States. Hence there is no export value under section 402 (d) of the Tariff Act of 1930.

It further appears from exhibit 1 that freeness testers such as the one imported were freely offered for sale in Canada for home consumption, usually one at a time, to all purchasers and in the ordinary course of trade at or about the date of exportation, for $225 Canadian currency, plus 8 per centum sales tax, packed, f. o. b. plant at Montreal, there being no discount for quantity, and that Montreal, Canada, was the principal market for such testers, and I so find.

Although sales were generally made to users in Canada, it is fairly clear from the record that the price at which anyone could purchase said testers in Canada was as above indicated. Note *American Shipping Co.* v. *United States*, 29 C. C. P. A. (Customs) 250, C. A. D. 198.

I therefore hold that the price at which Canadian standard freeness testers complete with all accessories were freely offered for sale to all purchasers in the ordinary course of trade in the principal market in Canada, namely, Montreal, in the usual wholesale quantity, at or about the time of exportation, was $225 Canadian currency, each, plus an 8 per centum sales tax, packed, f. o. b. the plant in Montreal, and that this is the foreign market value (section 402 (c) of said act).

Judgment will be entered accordingly.